## THE FLORENCE OLSON.*

### OLSON et al. v. CAMPBELL et al.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3793.

1. Seamen ⬡13—Agreement as to expenses for return to port of shipment held valid against objections of no consideration and made under protest.

   Where a crew signed shipping articles in New York for a voyage to the Western Hemisphere and back to a port of discharge in the United States, the questions of wages, transportation, and work conditions being left for the determination of a designated conference of shipowners, and at Baltimore, to prevent the crew from abandoning the voyage, the master indorsed on the articles an agreement entitling crew to transportation back to New York and $5 a day subsistence, if discharged on the Pacific Coast, the Baltimore agreement was valid as against objections that it was without consideration and was made under compulsion.

2. Seamen ⬡13—Agreement to abide by decision of shipowners' conference as to transportation back to port of shipment valid.

   Where deck officers executed shipping articles, leaving the question of transportation to be determined by a designated shipowners' conference, a ruling made by that conference, entitling them to transportation and $3 a day subsistence, is binding on all concerned.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Libel in admiralty by Frank Campbell and others, as the crew of the steam vessel Florence Olson, against Oliver J. Olson and others, claimants of the steam vessel Florence Olson, her engines, boilers, tackle, apparel, and furniture. Decree for complainants, and claimants appeal. Affirmed.

W. F. Sullivan and Edward J. Smith, both of San Francisco, Cal. for appellants.

H. W. Hutton, of San Francisco, Cal., for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] On July 28, 1919, all the appellees, except Wademan, the first officer, signed shipping articles before the United States shipping commissioner at New York for a voyage on the Florence Olson, described in the articles as follows:

"From the port of New York to Callao, Peru, Iquique, Chile, via coastwise ports, thence to Honolulu, Hawaiian Islands, and such other ports or places in any part of the Western Hemisphere as the master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding six calendar months."

On the articles as agreed to by the master and crew is the following provision:

"This vessel shall abide by any Atlantic Coast rules agreed to by the present conference of shipowners', licensed officers,' seamen's, firemen's and steward's associations regarding wages, transportation, and working conditions."

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

*Certiorari denied 258 U. S. —, 43 Sup. Ct. 98, 67 L. Ed. —.

At that time the conference was in session. On August 2, 1919, the vessel being then at Baltimore, the crew refused to proceed further unless it should be agreed that, if discharged on the Pacific Coast, they should receive transportation and a per diem to the port of departure. The conference had not then made a ruling regarding transportation. The master thereupon indorsed on the original articles and signed the following:

"When the vessel was ready for sea, sailors, firemen, oilers, and steward's department, claiming that ship's articles they signed were not clear, demanded their transportation and $5 subsistence money per day to New York if paid off on Pacific Coast, and in order not to delay vessel demand was granted by master under compulsion."

The vessel proceeded on her voyage, and after 26 days the crew were discharged at San Francisco. The court below sustained their libel for transportation and subsistence money in accordance with the agreement made at Baltimore.

The appellants contend that the Baltimore agreement is void, for the reason that it was entered into without consideration and under compulsion, and assert that the whole contract was contained in the shipping articles signed before the shipping commissioner at New York, and that the crew were without warrant for the other and further emolument which they demanded at Baltimore. We think that the court below properly held otherwise. The contract, as expressed in the shipping articles signed at New York, was incomplete. The articles provided for a final port of discharge in the United States, which might mean either the east or the west coast. The question whether the crew, if discharged on the Pacific Coast, were to receive transportation to the port of departure and subsistence, was one upon which the minds of the contracting parties had not met. The question was not disposed of by the agreement that the vessel should abide by the Atlantic Coast rules to be formulated by "the present conference of shipowners" regarding transportation and working conditions. No rule as to transportation had been formulated at the time of the Baltimore agreement.

It would be unreasonable to assume that the crew had bound themselves to proceed on the voyage in ignorance of their rights as to transportation, and had agreed to take their chances as to the ruling of the conference, whatever that might be. They were entitled to know their rights before they set forth upon the voyage. The agreement which was signed at Baltimore was not obtained under compulsion, further than that the crew threatened to abandon the voyage at that port (whereby they would have forfeited wages earned under the articles), unless a stipulation be given them in regard to transportation and subsistence. The master of the vessel was not bound to yield to the demand. He could have discharged the crew and obtained another. He chose to accede to the demand. He testified that he did so for the reason that otherwise the ship would have been delayed two days, and probably three or four. We see no reason why an agreement thus entered into should not be enforced.

The appellants cite the decision of this court in Alaska Packers'

Ass'n v. Domenico, 117 Fed. 99, 54 C. C. A. 485; but the case is not in point, for the reason that there, after abiding by the contract for awhile, the seamen at a remote place, where other men could not be obtained, demanded a sum in addition to what they had signed for in the shipping articles. In the case at bar the whole contract between the parties was not contained in the shipping articles as signed at New York.

[2] The award which was made by the court below to the two deck officers, Wademan and Vanveen, was based upon the provisions of rule 8 formulated by the conference above referred to. Under that rule they were entitled to transportation and subsistence of $3 per day, and we find no ground for disturbing the conclusion of the court in that regard.

The decree is affirmed.